UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4109

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

LUIS ANALBERTO PINEDA ANCHECTA, a/k/a Luis Peneda, a/k/a Luis Analberto,

        Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:20-cr-00027-RJC-DCK-1)

Submitted: October 28, 2022                       Decided: January 3, 2023

Before WYNN and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. William T. Stetzer, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Analberto Pineda Anchecta ("Pineda") appeals from his conviction after a jury trial for kidnapping in violation of 18 U.S.C. § 1201(a)(1). On appeal, Pineda argues that the prosecutor improperly relied on facts not in evidence during closing arguments and improperly vouched for a witness's truthfulness, therefore violating his due process rights. We affirm.

On appeal, we review a district court's rulings on objections to closing arguments for abuse of discretion. *United States v. Saint Louis*, 889 F.3d 145, 156 (4th Cir. 2018). "[A]n error of law by a district court is by definition an abuse of discretion." *In re Wray*, 433 F.3d 376, 378 n.* (4th Cir. 2005) (citation omitted). Whether a prosecutor "made an improper statement" during closing argument is an issue of law that we review de novo. *United States v. Collins*, 415 F.3d 304, 307 (4th Cir. 2005).

When a defendant fails to object to a prosecutor's statement during closing argument, we apply plain error review. *United States v. Woods*, 710 F.3d 195, 202 (4th Cir. 2013). Under plain error review, a defendant must show that the district court "committed an 'error' that was 'plain,'" and "that the error affected [the defendant's] substantial rights thereby impacting the outcome of his trial." *Id.* (quoting *United States v. Gonzales–Flores*, 701 F.3d 112, 115 (4th Cir. 2012)). And "even when a defendant establishes the above elements of plain error, 'we may nevertheless decline to notice the error unless it seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Gonzales-Flores*, 701 F.3d at 115).

2

"In determining whether a defendant's due process rights were violated by a prosecutor's closing argument, we consider (1) whether the remarks were, in fact, improper, and, (2) if so, whether the improper remarks so prejudiced the defendant's substantial rights that the defendant was denied a fair trial." *United States v. Lighty*, 616 F.3d 321, 359 (4th Cir. 2010).

Upon review of the parties' briefs and the record, we find that the prosecutor's remarks were not improper and, even assuming they were, the remarks did not prejudice Pineda's substantial rights such that he was denied a fair trial. Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*